IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LONNIE GENE RISPER, 506218,** ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-CV-2488-H |
| ) | ECF |
| **DOUGLAS DRETKE, Director TDCJ-CID,** ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Douglas Dretke, Director of the TDCJ-CID.

**Statement of the Case:** On February 1, 1989, Petitioner was convicted of burglary of a habitation. *State of Texas v. Lonnie Gene Risper*, No. F-87-73032-LI (2nd Crim. Dist. Ct., Dallas County, Tex., Feb. 1, 1989). Petitioner was sentenced to forty years confinement. On July 11, 1991, the Eleventh District Court of Appeals affirmed Petitioner's conviction. On October 16, 1991, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. PDR No. 982-91.

Petitioner filed four state applications for writ of habeas corpus. *Ex parte Risper*, Application Nos. 8,517-02, -03, -04, -05. On May 23, 1990, the Court of Criminal Appeals granted Petitioner's first petition for writ of habeas corpus to the extent that he was allowed to file an out-of-time appeal. The Court of Criminal Appeals denied Petitioner's second and third habeas petitions and dismissed Petitioner's fourth habeas petition.

On July 26, 2004, Petitioner filed a federal petition for writ of habeas corpus challenging his parole revocation for the conviction that he challenges in the instant petition. *Risper v. Dretke*, No. 3:04-CV-1613-P (N.D. Tex. July 26, 2004). On February 9, 2005, the Court dismissed the petition as barred by the statute of limitations.

On December 15, 2005, Petitioner filed the instant petition. He argues his conviction is unlawful because: (1) the Court of Criminal Appeals denied him the right to contest the allegedly defective indictment; (2) the evidence was insufficient to sustain the conviction; (3) the jury instructions denied Petition the right to a fair trial; (4) the trial court abused its discretion; and (5) Petitioner received ineffective assistance of counsel.

**Discussion:**

This petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997); *see also In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996), the Supreme Court observed

that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . .Rule 9(b)."

In general, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1988)). A petition constitutes an abuse of the writ "when it raises a claim that was, or could have been, raised in an earlier petition." *Crone*, 324 F.3d at 837 (quoting *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)).

Petitioner's claims relate to his 1988 trial. These claims arose before he filed his 2004 habeas petition challenging his parole revocation. These claims were therefore available to Petitioner when he filed his first federal petition. Although these claims may have been unexhausted at the time Petitioner filed his initial federal habeas petition, his failure to assert the claims in that petition renders the present petition an abuse of the writ. *See Crone*, 324 F.3d at 838 (failure to bring time credit claim in initial federal petition attacking conviction rendered the second federal petition an abuse of the writ, despite fact that the claim was unexhausted). The Court therefore finds the petition is successive under the AEDPA.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of 2244(b). 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second

or successive application, the petitioner must show the application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 27th day of March, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).